## Orr v. Orr.

1. PRACTICE: *Time to answer supplemental bill.* Under the practice in Chancery, before the equity and common law jurisdiction were blended by the amendments of the Code of Civil Procedure, a defendant had until the fifth Monday after notice of the filing thereof, to answer a supplemental bill.

2. ———: *A decree,* entered before that time had elapsed, without the defendant's consent, and before he had plead to the supplemental bill, reversed.

This was an action for a divorce, brought in the District Court for Dacotah county, under the Chancery Code, prior to the late repeal of that Code and the amendments of the Code of Civil Procedure, conforming the common law and equity practice the one to the other. The bill was filed on the 18th of October, 1866; and proceedings were had thereon not material to be farther stated, than that the defendant appeared thereto and defended the same. On the 31st of October, 1867, the complainant filed her supplemental bill, alleging new matter and praying additional relief, and gave notice thereof to the defendant. By section 741 of the Chancery Code, he had until the fifth Monday following the service of the notice, to take proceedings against the supplemental bill. But on the 2d day of December following, the cause was brought on to be heard, as the decree expressed it, upon "the pleadings and proofs," and "was submitted to the summary decision of the court." The decree awarded a divorce with $15,000 alimony. The defendant appealed to this court.

*A. J. Poppleton* and *O. C. Tredway,* for the appellant.

*J. M. Woolworth,* contra.

LAKE, J.

It is unnecessary here to notice but one of the several questions argued at the bar.

The original petition was filed on the 18th of October, 1866, but issue had not been joined thereon, when on the 31st day of October, 1867, the complainant filed her supplemental petition, alleging new and material facts, and in addition to her former prayer, praying alimony in the sum of fifty thousand dollars.

On the 22d of November following, without the assent of the defendant, and before he had plead to the supplemental bill, the case was tried and a decree entered in favor of the complainant.

By the law regulating the practice in such cases, the defendant had until the fifth Monday after the service of notice upon him of the filing of the supplemental petition, to plead thereto. This right he was denied. Sec. 741, Code.

The record shows that on the 2d of December following, and within the time fixed by the statute therefor, the defendant did file exceptions to the supplemental petition, but they could not be heard, nor could they be of the least avail, were they ever so well taken, for the case had already passed to final judgment. The decree of the court below must be vacated and the cause remanded for further proceedings.

Reversed and remanded.